[No. E046217. Fourth Dist., Div. Two. May 14, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL HOUSTON CHAFFIN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, the introduction paragraphs and parts 2.b. and 4. of this opinion are certified for publication.

## COUNSEL

Phillip I. Bronson, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robin Derman and Theodore M. Cropley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GAUT, J.—**

### Introduction[1]

Defendant Michael Houston Chaffin was prosecuted for criminal conduct occurring in 2005 and 2007. A jury convicted defendant of four offenses: one count of domestic battery (§ 243, subd. (e)(1)); one count of child endangerment (§ 273a, subd. (a)); and two counts of vandalism (§ 594, subd. (b)(1)). The jury found defendant not guilty on count 5, brandishing a deadly weapon. The court sentenced defendant to 48 months of probation, including 180 days in county jail.

On appeal, defendant argues there was not sufficient evidence to support his conviction for child endangerment (count 3) and the court committed two kinds of instructional error (counts 1 & 3). We reject his contentions and affirm the judgment.

### 1. Facts*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 2. Child Endangerment—Count 3

#### a. Care and Custody*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All statutory references are to the Penal Code unless stated otherwise.
*See footnote, *ante*, page 1348.

b. "Likely"

As we have already identified in an unpublished portion of the opinion, the child endangerment statute refers to conduct by a person "under circumstances or conditions *likely* to produce great bodily harm or death." (§ 273a, subd. (a), italics added.) In *People v. Wilson* (2006) 138 Cal.App.4th 1197, 1204 [41 Cal.Rptr.3d 919], the court offered a definition of "likely": " '[L]ikely' as used in section 273a means a substantial danger, i.e., a serious and well-founded risk, of great bodily harm or death." In challenging count 3, defendant argues the court erred by not instructing the jury sua sponte on the meaning of "likely" as defined by *Wilson*.

In the absence of a request, the trial court has a general duty to instruct the jury sua sponte, including giving amplifying or clarifying instructions where the term used in an instruction has a " 'particular and restricted meaning' [citation], or has a technical meaning peculiar to the law or an area of law [citation]." (*People v. Roberge* (2003) 29 Cal.4th 979, 988 [129 Cal.Rptr.2d 861, 62 P.3d 97]; see *People v. Abilez* (2007) 41 Cal.4th 472, 517 [61 Cal.Rptr.3d 526, 161 P.3d 58].) A word has a technical, legal meaning when it has a definition that differs from its nonlegal meaning. (*People v. Estrada* (1995) 11 Cal.4th 568, 574 [46 Cal.Rptr.2d 586, 904 P.2d 1197].) The trial court has no duty to give a clarifying instruction, absent a request, if the term in the instruction has a plain and unambiguous meaning that is " 'commonly understood by those familiar with the English language' . . . ." (*People v. Kimbrel* (1981) 120 Cal.App.3d 869, 872 [174 Cal.Rptr. 816].)

The *Wilson* court did not address whether a jury should have received additional instruction on the meaning of "likely." Instead, for purposes of evaluating a claim of insufficient evidence, the *Wilson* court determined that "likely" connotes a greater degree of certainty than " 'more likely than not.' " (*People v. Wilson, supra*, 138 Cal.App.4th at p. 1203.) *Wilson* based most of its analysis on *People v. Superior Court (Ghilotti)* (2002) 27 Cal.4th 888 [119 Cal.Rptr.2d 1, 44 P.3d 949], which was "concerned with the meaning of the word 'likely' in the context of the Sexually Violent Predators Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.)" in predicting whether a sex offender is "likely" to reoffend. (*Wilson, supra*, at p. 1202.)

We question whether *Wilson* should have relied so heavily on *Ghilotti* because the considerations pertinent to the SVPA (Sexually Violent Predators Act) are not raised by section 273a. Both the SVPA and section 273a serve to protect others from abuse. The SVPA operates by providing procedures for the involuntary civil commitment of those sexually violent predators who, in fact, pose a high risk of reoffense in the future. Section 273a protects children

from existing abusive situations by punishing offenders upon conviction of the offense.

■ Secondly, the word "likely" in section 273a does not serve as a measure for the difficult and imprecise task of predicting future human behavior. Rather, it is merely a measure for determining the risk of present injury created by external and tangible circumstances or conditions. (*People v. Sargent* (1999) 19 Cal.4th 1206, 1223 [81 Cal.Rptr.2d 835, 970 P.2d 409].) Case law has long recognized that the phrase "likely to produce great bodily harm or death" in section 273a means " 'the probability of serious injury is great.' " (*Sargent, supra,* at p. 1223.)

In the present case, the jury was instructed based on CALCRIM No. 821 as follows:

"The defendant is charged in Count 3 with child abuse likely to produce great bodily injury in violation of Penal Code section 273a subdivision (a). To prove that the defendant is guilty of this crime the People must prove that: One, the defendant while having care or custody of a child willfully caused or permitted a child to be placed in a situation where the child's person or health might have been endangered.

"Two, the defendant caused or permitted the child to be endangered under circumstances or conditions likely to produce great bodily injury or death. And, three, the defendant was criminally negligent when he caused or permitted the child to be in danger.

"Someone commits an act willfully when he or she does it willingly or on purpose. . . . Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.

"Criminal negligence involves more than ordinary negligence, inattention, or mistake in judgment. A person acts with criminal negligence when, one, he or she acts in a reckless way that creates a high risk of death or great bodily injury. And, two, a reasonable person would have known that acting in that way would create such a risk.

"In other words, a person acts with criminal negligence when he or she—when the way he or she acts is so different than an ordinarily careful person would act in the same situation that his or her act amounts to disregard for human life, or indifference to the consequences of that act."

No

■ Defendant argues the jury should have been instructed more specifically about the meaning of "likely." But, even if we accepted his contention, we conclude the instruction, as given, was adequate. In *People v. Sedeno* (1974) 10 Cal.3d 703 [112 Cal.Rptr. 1, 518 P.2d 913], our Supreme Court held that the failure to give an instruction is harmless error if "the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions. In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context . . . ." (*Id.* at p. 721.)

In our case, the jury could have been informed that the term "likely," as defined by *Wilson*, means a defendant's willful actions have exposed the child to "a substantial danger, i.e., a serious and well-founded risk, of great bodily harm or death." (*People v. Wilson, supra*, 138 Cal.App.4th at p. 1204.) However, the jury was instructed that in order to convict defendant of child endangerment, he must have acted with criminal negligence, i.e., "in a reckless way that creates a high risk of death or great bodily injury," which also meant that he acted with "disregard for human life, or indifference to the consequences of that act."

Thus, by convicting defendant of child endangerment, the jury necessarily found appellant's actions "create[d] a high risk of death or great bodily harm." This finding is at least the functional equivalent of a finding that defendant put his son in "substantial danger, i.e., a serious and well-founded risk, of great bodily harm or death," if not higher. (*People v. Wilson, supra*, 138 Cal.App.4th at p. 1204.) Thus, the failure to give an instruction on the legal definition of "likely" could not have been prejudicial to defendant since the factual question posed by the omitted definition was resolved adversely to defendant under the other, properly given, instruction.

The record establishes beyond a reasonable doubt that the court's failure to give the jury a legal definition of the term "likely" could not have affected the verdict and was therefore harmless. (See *People v. Flood* (1998) 18 Cal.4th 470, 507 [76 Cal.Rptr.2d 180, 957 P.2d 869].)

### 3. Domestic Battery—Count 1*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1348.

### 4. Disposition .

We affirm the judgment.

McKinster, Acting P. J., and King, J., concurred.

On May 14, 2009, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 12, 2009, S173089. Moreno, J., and Corrigan, J., did not participate therein.