[Crim. No. 774. Fifth Dist. June 11, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRAL CLINTON GOODMAN, Defendant and Appellant.

---

**COUNSEL**

Melvin W. Nitz, Public Defender, and Kenneth C. Farnsworth, Deputy Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Craig B. Stalker, Arnold O. Overaye, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**STONE, P. J.**—This appeal is from a conviction of murder of the second degree. On the morning of the day they were to marry, appellant shot his common law wife with a .12-gauge pump shotgun. There were no eye-witnesses to the shooting, which appellant contends was accidental. He said he did not know the gun was loaded, that just as he pulled the trigger the victim told him it was loaded but it was too late. At another time he said the gun slipped and started to fall, and as he grabbed for it, he jerked the gun and it went off, killing her.

Appellant's first point is that the California rule of evidence which permits a defendant who testifies to be impeached by proof of a prior felony conviction (Evid. Code, § 788) violates the due process requirement of both federal and state Constitutions. He presents a learned dissertation, quoting legal writers and citing cases from other jurisdictions to the effect that the practice is unfair and should be eliminated or at least qualified. However, the California Supreme Court has considered this question a number of times, uniformly holding that a defendant who testifies may be impeached by proof of a prior felony conviction, and that such impeachment does not offend the due process clause of either the federal or the state Constitution. (*People* v. *Schader,* 71 Cal.2d 761, 773 [80 Cal.Rptr. 1, 457 P.2d 841]; *People* v. *McClellan,* 71 Cal.2d 793, 809 [80 Cal.Rptr. 31, 457 P.2d 871]; *People* v. *Roberts,* 65 Cal.2d 514, 522 [55 Cal.Rptr. 412, 421 P.2d 420].)

■ Next, it is asserted that the trial court committed reversible error by giving the general approved instruction on malice aforethought, former CALJIC 301 (Rev.).[1] Appellant's reasoning is based upon *People* v. *Ireland,* 70 Cal.2d 522 [75 Cal.Rptr. 188, 450 P.2d 580], from which he borrows his starting premise that it is impermissible to find a defendant guilty of second degree murder under the felony-murder rule by proof that the homicide resulted from the commission of the felony, assault with a deadly weapon. From this he reasons that to imply malice from the commission of the same act, an assault with a deadly weapon, is equally erroneous.

Appellant misreads the import of *Ireland,* as that case does not hold that malice cannot be inferred from an assault with a deadly weapon, which results in murder. The court was primarily concerned that where an assault is an integral part of the murder it is not really a separate felony as contemplated under the felony-murder doctrine. An assault with a deadly weapon can be proved without proof of malice. Therefore, concluded the court, to permit application of the felony-murder doctrine would permit a conviction of murder resulting from an assault with a deadly weapon without proof of malice.

Implying malice from the circumstances surrounding the commission of an assault that results in murder comports' with, rather than offends, the *ratio decidendi* of *Ireland.* Here, the trial court properly distinguished murder resulting from an assault with a deadly weapon, from murder resulting from the commission of other felonies which, by statute or decision, are within the ambit of the felony-murder doctrine. It did so by requiring proof of malice and instructing the jury that malice may be implied from the circumstances surrounding the act causing death. This is a correct instruction even thought the act is an assault with a deadly weapon.

■ It is next contended that the court erred in limiting the instruction on specific intent to manslaughter, that is, by not instructing on specific intent to commit second degree murder in addition to the instruction delineating malice aforethought as an element of the crime. It is a specious argument

---

[1]CALJIC 301 (Rev.), as given, reads: "Murder is the unlawful killing of a human being, with malice aforethought.

"The word 'aforethought' means only that the intent must preced the act as distinguished from afterthought. 'Aforethought' does not imply deliberation or the lapse of considerable time.

"As used in connection with murder, 'malice' may be either express or implied.

"Malice is express when there is an intention unlawfully to kill a human being.

"Malice is implied when the killing results from an act involving a high degree of probability that it will result in death, which act is intentionally done for a base, anti social motive and with wanton disregard for human life.

"The term 'malice' does not necessarily imply a pre-existing hatred or enmity toward the person killed."

since "Deliberate intent, under the statute (Pen. Code, §§ 187, 189) is not an essential element of murder, as such. It is an essential element of one class only of first degree murder and is not at all an element of second degree murder." (*People* v. *Valentin*, 28 Cal.2d 121, 131-132 [169 P.2d 1]; see also *People* v. *Gorshen*, 51 Cal.2d 716, 732 [336 P.2d 492]; 25 Cal.Jur.2d, Homicide, § 53, p. 549.)

■ Finally, appellant contends that since his defense was that he did not know the gun was loaded, the court erred in not giving his proffered instruction, former CALJIC 71-B (Rev.), that an act committed under a mistake of fact disproves criminal intent, and that a person who commits an act or omits to act under an honest and reasonable belief in the existence of certain facts and circumstances which, if true, would make such act and omission lawful, is not guilty of a crime. The instruction should have been given as it was consonant with appellant's theory of the case—it was his sole defense. However, we believe the error is not of reversible dimensions in view of other instructions given. The jury was instructed on due caution and circumspection (CALJIC 309 (Rev.)) and that "The killing of a human being is excusable and not unlawful when committed by accident and misfortune in doing any lawful act by lawful means without any unlawful intent and where the person causing the death acted with that care and caution which would be exercised by the ordinary careful and prudent individual under like circumstances." (CALJIC 320.) The court also instructed that, "When a person commits an act or makes an omission through misfortune or by accident under circumstances that show no evil design, intention or culpable negligence, he does not thereby commit a crime." (CALJIC 71-E (Rev.).)

After an examination of the entire cause, including the evidence, we are of the opinion that the error complained of has not resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.)

The judgment is affirmed.

Gargano, J., and Coakley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 26, 1970.