[No. E053349. Fourth Dist., Div. Two. Apr. 4, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
BRENT KERRIGAN LAWSON, Defendant and Appellant.

**COUNSEL**

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Heidi T. Salerno and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KING, J.—

## I. INTRODUCTION

A jury found defendant, Brent Kerrigan Lawson, guilty of petty theft for stealing a $20 hoodie from a Walmart store. (Pen. Code, § 484, subd. (a).)[1] The trial court found that defendant had four prior convictions for theft or burglary and served time for the offenses, making his current crime petty theft with prior convictions. (§ 666.)[2]

On this appeal, defendant claims his conviction for petty theft must be reversed because the trial court erroneously failed to instruct the jury, sua sponte, on the defense of mistake of fact. He argues the jury could have reasonably inferred he simply forgot about the hoodie, which was draped over his shoulder as he passed through the checkout line, paid for other items, and walked out of the store. And given that he forgot about the hoodie, he argues the jury could have reasonably inferred he did not intend to steal it when he walked out of the store with it.

We agree the evidence supported a reasonable inference that defendant simply forgot about the hoodie and therefore did not intend to steal it. Nonetheless, the evidence that defendant forgot about the hoodie was insufficient to support an instruction on the defense of mistake of fact. (§ 26, class Three; CALCRIM No. 3406.) The mistake-of-fact defense operates to negate the requisite criminal intent or mens rea element of the crime, but applies only in limited circumstances, specifically when the defendant holds a mistaken belief in a fact or set of circumstances which, if existent or true, would render the defendant's otherwise criminal conduct lawful. (See, e.g., *People v. Hernandez* (1964) 61 Cal.2d 529, 535–536 [39 Cal.Rptr. 361, 393 P.2d 673]; *People v. Goodman* (1970) 8 Cal.App.3d 705, 709 [87 Cal.Rptr. 665].) Defendant's act of forgetting about the hoodie did not amount to a mistaken belief in a set of circumstances which, if true, would have made his act of walking out of the store with it lawful.

We further conclude that, even if there had been sufficient evidence to support an instruction on the defense of mistake of fact, the trial court did not have a duty to instruct on the defense sua sponte, or on any other defense that served only to negate the intent element of the charged crime, including

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The court also found defendant had three prison priors (§ 667.5, subd. (b)) and sentenced him to five years in prison, consisting of the middle term of two years plus three years for the three prison priors.

defendant's defense that he simply forgot about the hoodie. (*People v. Anderson* (2011) 51 Cal.4th 989, 996–999 [125 Cal.Rptr.3d 408, 252 P.3d 968] [no duty to instruct sua sponte on defense of accident because the defense merely negates an element of the charged crime]; *People v. Saille* (1991) 54 Cal.3d 1103, 1117 [2 Cal.Rptr.2d 364, 820 P.2d 588].) We therefore affirm the judgment.

## II.   FACTS

### A.   *Prosecution Evidence*

On October 28, 2010, William Gibson was working as a loss prevention agent at the Walmart store in Rancho Cucamonga. Around 10:00 a.m., Gibson was doing paperwork and watching video surveillance of the store from inside his office next to the customer service registers. Around 10:10 a.m., defendant walked into the store and proceeded directly to the customer service area, where he returned some items and was issued a gift card.

After he received a call from the customer service desk that defendant was leaving the area, Gibson left his office and began following defendant inside the store. Gibson observed defendant as he went to the jewelry department, returned a pair of earrings, and received another gift card. The two gift cards defendant received were for approximately $104 and $124.

Defendant then proceeded to the menswear department where he selected a purple hoodie. After defendant selected the hoodie, he walked to the "middle action alley" of the store, an empty space in the center of the store that customers walk through. There, defendant took the hoodie off its hanger, put the sales tag inside the hoodie, threw the hoodie over his shoulder, and walked to the cash registers. The price of the hoodie was $20, and its sales tag had a bar code that is scanned at the register.

Defendant first walked to the area of register No. 15. He then proceeded to register No. 11 where he selected a pack of gum, and returned to register No. 15. At register No. 15, he had the cashier select some cigars or cigarettes for him. The cashier scanned the gum and cigarettes and defendant paid for them. Defendant did not take the hoodie off his shoulder or present it to the cashier. Five or six minutes passed between the time defendant selected the hoodie in the menswear department and the time he purchased the other items at the register.

After paying for the gum and cigarettes, defendant walked out of the store. As soon as he was outside the store, Gibson stopped him. The hoodie was

still on defendant's left shoulder. Gibson identified himself and asked defendant to come back inside the store. Defendant cooperated. He walked back into the store with Gibson and did not try to run away. The jury was shown surveillance videotapes and still photographs of defendant's movements inside the store.

B. *Defense Evidence*

Defendant did not testify, and the defense presented no other evidence.

## III.  ANALYSIS

During closing argument, defendant's trial counsel maintained that the prosecution failed to prove defendant intended to steal the hoodie when he walked out of the store with it on his shoulder. As submitted: "[D]id Mr. Gibson jump to the conclusion that [defendant] was stealing? Did the People prove this case beyond a reasonable doubt that [defendant] had the intent to deprive Walmart of their property? And the answer is no. Because [defendant] merely forgot. And that's a reasonable interpretation of what occurred." "How do we know that [defendant] didn't just forget?"

Defendant contends the trial court erroneously failed to instruct the jury, sua sponte, on the defense of ignorance or mistake of fact. He argues: "Because there was sufficient evidence from which a reasonable jury could have found that [defendant] did not intend to steal the sweatshirt, and because the defense's theory of the case was that [defendant] had committed nothing more than an absent-minded mistake (analogous to inadvertently pocketing a borrowed pen), the superior court had a sua sponte duty to instruct the jury on the defense of mistake of fact—which is a complete defense to a charge of petty theft."

A. *The "Defense" of Mistake of Fact Does Not Apply to the Present Facts*

Defendant's claim that he simply forgot the hoodie was on his shoulder as he went through the checkout line and walked out of the store does not square with the requirements for the defense of ignorance or mistake of fact. As we explain, the defense of mistake of fact is simply inapplicable to these facts.

■ Defendant was charged with petty theft, specifically theft by larceny. (§ 484.) "The elements of theft by larceny are well settled: the offense is committed by every person who (1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) *with intent to steal the property*, and (6) carries the property away. [Citations.] The

act of taking personal property from the possession of another is always a trespass unless the owner consents to the taking freely and unconditionally or the taker has a legal right to take the property. [Citation.]" (*People v. Davis* (1998) 19 Cal.4th 301, 305 [79 Cal.Rptr.2d 295, 965 P.2d 1165], fns. omitted, italics added.)[3] The fifth element of the crime states the specific intent or mental state element, while other elements identify the requisite criminal conduct.

■ The requirement that a criminal act be accompanied by criminal intent or criminal negligence is a "firmly embedded" principle of Anglo-American criminal jurisprudence. (*Staples v. United States* (1994) 511 U.S. 600, 605 [128 L.Ed.2d 608, 114 S.Ct. 1793].) "As a general rule, no crime is committed unless there is a union of act and either wrongful intent or criminal negligence. [Citations.]" (*People v. King* (2006) 38 Cal.4th 617, 622 [42 Cal.Rptr.3d 743, 133 P.3d 636]; see § 20 ["In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence."].)[4] Subject to exceptions not applicable here, in order to commit a crime the defendant must possess the requisite intent or guilty mind at the time he performs the unlawful act. (*People v. King, supra*, at pp. 622–623 [proof of culpable mental state required for all crimes except public welfare offenses, or unless excluded expressly by statute or by necessary implication].)

Section 26 lists classes of persons deemed incapable of committing crimes, and includes "[p]ersons who committed the act . . . charged under an ignorance or mistake of fact, which disproves any criminal intent" (§ 26, class Three); "without being conscious thereof" (§ 26, class Four); or "through misfortune or by accident, when it appears that there was no evil design, intention, or culpable negligence" (§ 26, class Five). Section 26 thus describes a range of circumstances or "defenses" which, the Legislature has recognized, operate to negate the mental state element of crimes and show there is no union of act and criminal intent or mental state. (See, e.g., *People v. Jennings* (2010) 50 Cal.4th 616, 674 [114 Cal.Rptr.3d 133, 237 P.3d 474] ["Generally, the claim that a homicide was committed through misfortune or

---

[3] The jury was instructed pursuant to CALCRIM No. 1800 that in order to prove defendant guilty of the crime of theft, the People had to prove he (1) took possession of property owned by someone else; (2) took the property without the owner's or owner's agent's consent; (3) when he took the property, "he *intended to deprive the owner of it permanently* or to remove it from the owner's or owner's agent's possession for such an extended period of time that the owner would be deprived of a major portion of the value or enjoyment of the property"; and (4) he moved the property even a small distance and kept it for any period of time, however brief. (Italics added.)

[4] The " '[a]ctus reus' " of a crime is defined as " 'the physical aspect of a crime, whereas the *mens rea* (guilty mind) involves the intent factor.' [Citation.]" (*Foster v. Snyder* (1999) 76 Cal.App.4th 264, 271, fn. 4 [90 Cal.Rptr.2d 207] [Fourth Dist., Div. Two].)

by accident 'amounts to a claim that the defendant acted without forming the mental state necessary to make his or her actions a crime.' "].)

■ Notwithstanding the myriad circumstances or "defenses" that may operate to negate the mental state element of a given crime, the particular "defense" of mistake of fact requires, at a minimum, an actual belief "in the existence of circumstances, which, if true, would make the act with which the person is charged an innocent act . . . ." (*People v. Russell* (2006) 144 Cal.App.4th 1415, 1425 [51 Cal.Rptr.3d 263] (*Russell*); see *People v. Young* (2001) 92 Cal.App.4th 229, 233–234 [111 Cal.Rptr.2d 726] [discussing the difficult distinction between a mistake of fact and a mistake of law].) For general intent crimes, the defendant's mistaken belief must be both actual and reasonable, but if the mental state of the crime is a specific intent or knowledge, then the mistaken belief must only be actual. (Judicial Council of Cal., Crim. Jury Instns. (2012) Bench Notes to CALCRIM No. 3406, citing *People v. Reyes* (1997) 52 Cal.App.4th 975, 984 & fn. 6 [61 Cal.Rptr.2d 39]; *Russell, supra*, at pp. 1425–1426.) In all cases, however, the defendant's mistaken belief must relate to a set of circumstances which, if existent or true, would make the act charged an innocent act.

*Russell* illustrates the proper application of the mistake-of-fact defense. In *Russell*, a person's motorcycle broke down while he was riding it, and he pushed it to a nearby repair shop. (*Russell, supra*, 144 Cal.App.4th at p. 1420.) Because the shop was closed, he left the motorcycle next to a fenced area near the shop. (*Ibid.*) Several trash bins were inside the fenced area. (*Ibid.*) The police later found the motorcycle near a tent in a nearby homeless encampment. (*Id.* at p. 1421.) The defendant lived in the tent and when questioned, told the police he was the owner of the motorcycle. (*Ibid.*) The defendant said he found the motorcycle in a commercial parking lot, and the area he described was the same place the motorcycle had been left after it broke down. (*Id.* at pp. 1420–1421.) At trial, the defendant testified he "saw the motorcycle sitting next to the large trash receptacles behind [the motorcycle shop] and thought it was abandoned." (*Id.* at p. 1421.) The defendant was convicted of receiving stolen property, and on appeal claimed the trial court had a duty to instruct the jury sua sponte on mistake of fact. (*Id.* at pp. 1419–1420, 1424.) The *Russell* court agreed. (*Id.* at p. 1431.)

■ Defendant relies on *Russell* to support his claim that his act of forgetting about the hoodie constituted a mistake of fact. *Russell* is distinguishable because the evidence there showed that the defendant had an actual and reasonable belief in a set of circumstances—that the motorcycle had been abandoned—which, if true, would have shown he did not knowingly possess a stolen motorcycle. Here, by contrast, defendant's alleged mistake of fact was that he forgot the hoodie was on his shoulder when he walked out of the

store without paying for it. The act of forgetting about the hoodie does not amount to a mistaken belief in a set of circumstances which, if true, would have made defendant's act of walking out of the store with the hoodie lawful.[5]

We observe that the mistake-of-fact defense would apply if defendant had been in the store earlier during the day, left his hoodie there, returned to get it, and, believing that someone had hung it up, took it off the hanger and walked out with it over his shoulder. The act of walking out of the store with the hoodie and without paying for it would be innocent because in this hypothetical defendant would have believed, although mistakenly, that the hoodie he had left in the store earlier, and the one he had on his shoulder when he walked out of the store, was rightfully his.

The present case is similar to *People v. Osborne* (1978) 77 Cal.App.3d 472 [143 Cal.Rptr. 582], where the court determined that the mistake-of-fact defense was inapplicable. In *Osborne*, the defendant was convicted of attempting to receive stolen property after an undercover police officer sold him $520 worth of stolen goods. (*Id.* at p. 474.) Prior to engaging in the transaction, the officer told the defendant the goods were stolen. The defendant then attempted to proceed with the transaction and was arrested. (*Ibid.*) On appeal, the defendant argued the trial court had a duty to instruct the jury sua sponte on the defense of mistake of fact, because he had a mistaken belief that the person selling the items was not an undercover officer. (*Id.* at pp. 478–479.) The court disagreed, and reasoned that *even if* the defendant believed that the person selling the goods was not an undercover officer, that belief still would not make his act lawful. (*Id.* at p. 479.) He still would have purchased the stolen goods. Thus, the mistake-of-fact defense did not apply: the illegal conduct was still coupled with the requisite

---

[5] In this critical respect, the present case differs from *Russell* and numerous other cases illustrating the traditional application of the mistake-of-fact defense. (E.g., *People v. Goodman, supra*, 8 Cal.App.3d at p. 709 [defendant's mistaken belief that gun was not loaded when he shot his wife negated specific intent element of murder]; *People v. Devine* (1892) 95 Cal. 227, 229 [30 P. 378] [defendant's honest and reasonable belief that he owned his neighbor's hogs negated his intent to steal when he sold the hogs]; *People v. Vogel* (1956) 46 Cal.2d 798, 805 [299 P.2d 850] [defendant's mistaken belief that his first marriage was dissolved negated his intent to commit bigamy]; *People v. Stuart* (1956) 47 Cal.2d 167, 171 [302 P.2d 5] [defendant pharmacist convicted of manslaughter after mistakenly filling a nonlethal prescription with a lethal substance "was morally entirely innocent" because he made a reasonable mistake in filling the prescription]; *People v. Hernandez, supra*, 61 Cal.2d at pp. 535–536 [defendant's reasonable and good faith belief that statutory rape victim was over the age of 18 constituted defense to statutory rape]; *In re Jennings* (2004) 34 Cal.4th 254, 280 [17 Cal.Rptr.3d 645, 95 P.3d 906] [defendant's reasonable and good faith belief the person for whom he purchased liquor was over the age of 21 constituted defense to purchasing alcohol for underage person (Bus. & Prof. Code, § 25658, subd. (c)].)

intent to purchase the stolen goods. (*Ibid.*) Likewise here, defendant did not have a mistaken belief in a set of facts which, if true, would have rendered his act of walking out of the store with the hoodie innocent. In sum, the defense of mistake of fact is inapplicable to the present facts.

B.  *The Trial Court Had No Sua Sponte Duty to Instruct on Mistake of Fact or Any Similar Defense That Only Negated the Mental State Element of Theft by Larceny*

██ Even if the evidence supported an instruction on mistake of fact, the trial court did not have a duty to instruct on the defense sua sponte. In *Anderson, supra*, 51 Cal.4th 989, the California Supreme Court concluded that trial courts do not have a duty to instruct sua sponte on the defense of accident (§ 26, class Five), even if substantial evidence supports the defense and it is not inconsistent with the defendant's theory of the case, provided the jury is properly instructed on the mental state element of the charged crime. (*Anderson, supra*, at pp. 996–999.) The court reasoned that the defense of accident serves only to negate the mental state element of the charged crime, and as such the defense is not the type of defense that invokes the court's sua sponte instructional duties. As we explain, the rationale of *Anderson* applies with equal force to the defense of mistake of fact, or any other defense that operates only to negate the mental state element of the crime.

██ As *Anderson* explained: " 'In criminal cases, even in the absence of a request, a trial court must instruct on general principles of law relevant to the issues raised by the evidence and necessary for the jury's understanding of the case.' (*People v. Martinez* (2010) 47 Cal.4th 911, 953 [105 Cal.Rptr.3d 131, 224 P.3d 877].) That duty extends to ' "instructions on the defendant's theory of the case, including instructions 'as to defenses " 'that the defendant is relying on . . . , or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case.' " ' " ' (*People v. Gutierrez* (2009) 45 Cal.4th 789, 824 [89 Cal.Rptr.3d 225, 200 P.3d 847].) But ' "when a defendant presents evidence to attempt to negate or rebut the prosecution's proof of an element of the offense, a defendant is not presenting a special defense invoking *sua sponte* instructional duties. While a court may well have a duty to give a 'pinpoint' instruction relating such evidence to the elements of the offense and to the jury's duty to acquit if the evidence produces a reasonable doubt, such 'pinpoint' instructions are not required to be given *sua sponte* and must be given only upon request." ' (*People v. Saille* (1991) 54 Cal.3d 1103, 1117 [2 Cal.Rptr.2d 364, 820 P.2d 588].)" (*Anderson, supra*, 51 Cal.4th at pp. 996–997.)

The *Anderson* court further explained that the defense of accident serves only to negate the mental state element of the offense charged, and as such

amounts to no more than a claim that the defendant acted without forming the mental state necessary to make his or her action a crime. (*Anderson, supra*, 51 Cal.4th at pp. 997–998.) The court thus concluded that if the jury is completely and accurately instructed on the mental element of the charged crime, then the court's duty to instruct on the defense of accident, "extend[s] no further than to provide an appropriate pinpoint instruction upon request by the defense." (*Id.* at p. 998, fn. omitted.) In so holding, the court expressly disapproved *People v. Gonzales* (1999) 74 Cal.App.4th 382 [88 Cal.Rptr.2d 111] and *People v. Jones* (1991) 234 Cal.App.3d 1303 [286 Cal.Rptr. 163] [Fourth Dist., Div. Two], where the courts reversed convictions based on the trial courts' failure to instruct sua sponte on accident. (*Anderson, supra*, at p. 998, fn. 3.) In each case, the defendant would have been entitled to a pinpoint instruction relating his theory of the accident to the evidence of intent, "only *upon request*." (*Ibid.*)

Like the defense of accident, an instruction on the defense of mistake of fact would have served only to negate the mental state element of the crime of theft by larceny. Thus, at least as asserted here, the defense of mistake of fact was not a true affirmative defense. (See *People v. Salas* (2006) 37 Cal.4th 967, 982 [38 Cal.Rptr.3d 624, 127 P.3d 40] [trial court has duty to instruct sua sponte "on any *affirmative* defense for which the record contains substantial evidence . . . unless the defense is inconsistent with the defendant's theory of the case" (citation omitted, italics added)].) Thus, even if substantial evidence supported an instruction on mistake of fact, the trial court had no duty to instruct on the defense sua sponte.

As argued by defense counsel, defendant's true defense was that he simply forgot the hoodie as he walked out of the store without paying for it, and for this reason he did not intend to steal it. The "I forgot about it" defense amounted to no more than a claim that defendant took the hoodie out of the store *without intending* to steal it. The jury was properly instructed on the mental state element of theft by larceny pursuant to CALCRIM No. 1800 ["[w]hen the defendant took the property, he intended to deprive the owner of it permanently . . . ."].) The instruction on the mental state element of theft by larceny was sufficient to frame the issue of defendant's forgetfulness for the jury, which defense counsel so eloquently and expressly argued to the jury.

We observe that in the wake of *Anderson, supra*, 51 Cal.4th 989, *Russell, supra*, 144 Cal.App.4th 1415 is apparently no longer good law *to the extent it held that the trial court had a duty to instruct sua sponte on the defense of mistake of fact*. (*Id.* at p. 1427.) As discussed, *Russell* involved a classic case of the defense of mistake of fact. The court in *Russell* reversed the defendant's conviction for receiving a stolen motorcycle (§ 496d) after concluding the trial court prejudicially erred in failing to instruct sua sponte on the defenses of mistake of fact and claim of right.

In concluding the trial court had a duty to instruct on the defense sua sponte, *Russell* invoked the general rule that the trial court has a duty to instruct sua sponte on defenses, "if there [is] substantial evidence supportive of the defenses and they [are] not inconsistent with defendant's theory of the case." (*Russell, supra*, 144 Cal.App.4th at p. 1431, citing *People v. Breverman* (1998) 19 Cal.4th 142, 157 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) The *Russell* court pointed out that "[b]oth the mistake-of-fact and claim-of-right defenses were implicated by defendant's claim that he did not have the requisite knowledge that the motorcycle was stolen because at all times he held a good faith belief that it had been abandoned." (*Russell, supra*, at p. 1431.) But as explained in *Anderson*, the trial court's sua sponte instructional duties do not apply to defenses that serve only to negate the mental state element of the charged offense when the jury is properly instructed on the mental state element, even when substantial evidence supports the defense and it is consistent with the defendant's theory of the case. (*Anderson, supra*, 51 Cal.4th at pp. 996–998.) In these circumstances, the court's duty to instruct, "extend[s] no further than to provide an appropriate pinpoint instruction upon request by the defense." (*Id.* at p. 998, fn. omitted.) To the extent that *Russell* is inconsistent with this principle, it is apparently no longer good law. (See *Anderson, supra*, at p. 998, fn. 3.)

## IV. DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Codrington, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 26, 2013, S210732.