Filed 9/23/24  P. v. Jones CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MONROE JONES,<br><br>        Defendant and Appellant. | A167727<br><br>(San Mateo County<br>Super. Ct. No. 22NF005700A) |

A jury convicted Monroe Jones of possession of a billy club.  (Pen. Code, § 22210; undesignated statutory references are to this code.)  On appeal, he argues insufficient evidence supports the conviction because he lacked the requisite intent to commit the offense — he contends he had a mistaken but reasonable belief that he was licensed to carry the weapon.  We affirm.

**BACKGROUND**

In May 2022, officers received reports of a man with a firearm in his waistband at the Millbrae Caltrain station.  They arrived to find Jones, who had a rolling suitcase, detained on the station platform.  Jones disclosed he had a pellet gun, which officers located inside his bag.  They also found a billy club — an approximately 20-inch solid metal rod with a hole drilled into one end and a piece of fabric looped through the hole.  Although officers did not ask Jones whether he was licensed to carry the weapon, he disclosed he

1

openly carried it for protection. At no point during the arrest, however, did he mention he'd been trained to use a billy club or his belief that he could lawfully carry it.

The district attorney charged Jones with possession of a billy club.[1] (§ 22210.) The information also alleged he had three prior strike convictions. (§§ 667, subd. (d), 1170.12, subd. (b).) At trial, Jones testified that he believed he was authorized to carry the billy club at the time of his arrest. He testified he was trained by the Los Angeles Police Department to carry it and received a carry permit from the Department of Consumer Affairs (Consumer Affairs) in 1988. He received the permit despite felony convictions in 1971 and 1978. He testified he had not received notice the permit was inactive and, in support, offered a letter from Consumer Affairs allegedly confirming "Monroe Jones, Jr." could carry a billy club.

When cross-examined, however, Jones admitted the letter from Consumer Affairs was not a permit to carry a billy club. Rather, it was a response to his request that a copy of his record and permit be furnished. The responsive letter indicated Consumer Affairs could not verify his identity. And he acknowledged he lacked a copy of his permit to carry a billy club. He believed that, despite having been incarcerated for 18 years after receiving his permit, he could still lawfully carry a billy club. The permit referred to by Consumer Affairs was registered in the name of "Monroe Jones, Jr." and not Jones's legal name of "Monroe Jones." The officer who arrested Jones further explained he was unable to confirm Jones had a billy club permit, even after searching for Jones's legal name, aliases, date of

---

[1] Jones was also charged with and convicted of possession of methamphetamine, which is not at issue here. (Health & Saf. Code, § 11377, subd. (a).)

2

birth, and other personally identifying information. Jones also admitted his attorney ran a search on a government website, which showed a permit for Monroe Jones, Jr. was suspended.

The trial court instructed the jury that a mistake of fact is a defense to possession of a billy club — "If you find that the defendant believed that he had a valid baton permit to possess a baton and if you find that belief was reasonable, he did not have the specific intent or mental state required for unlawful possession of a billy club." The jury nonetheless convicted Jones. The court subsequently sentenced Jones to two years in prison.

## DISCUSSION

Jones contends there was insufficient evidence supporting his conviction. He argues he reasonably believed he could lawfully possess the billy club and thus lacked the requisite intent for the offense. After reviewing the record in the light most favorable to the judgment to determine whether the jury could have found the essential elements of the crime, we conclude there was substantial evidence — "evidence that is reasonable, credible, and of solid value" — supporting the verdict. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Any person who "possesses any leaded cane, or any instrument or weapon of the kind commonly known as a billy" is guilty of section 22210. The prosecution must demonstrate the defendant possessed the weapon, had knowledge of possession, and possessed " 'the object as a weapon.' " (*People v. Baugh* (2018) 20 Cal.App.5th 438, 442; § 22210.) But persons who commit an act in ignorance or mistake of fact lack the mental state required to commit the crime. (§ 26; *People v. Lawson* (2013) 215 Cal.App.4th 108, 118.) For general intent crimes like weapon possession, "the particular 'defense' of mistake of fact requires, at a minimum, an actual belief 'in the existence of

3

circumstances, which, if true, would make the act with which the person is charged an innocent act . . . .' " (*Lawson*, at p. 115; *People v. Russell* (2006) 144 Cal.App.4th 1415, 1425, overruled on other grounds in *People v. Covarrubias* (2016) 1 Cal.5th 838, 874, fn. 14; *People v. Gaitan* (2001) 92 Cal.App.4th 540, 545 [§ 22210's predecessor — § 12020 — is a general intent crime].)  The mistaken belief must be actual and reasonable.  (*Lawson*, at p. 115.)

There is no dispute Jones knowingly possessed the billy club as a weapon.  But relying on his training and a carry permit issued in 1988, Jones argues he had an actual and reasonable — albeit mistaken — belief that he was licensed to carry the weapon at the time of his arrest.  He contends the Consumer Affairs letter confirmed he was still authorized to carry the weapon.

A rational jury could conclude Jones's belief was not reasonable. (*People v. Zamani* (2010) 183 Cal.App.4th 854, 866–867.)  The Consumer Affairs letter explained it could not confirm Jones was a permit holder and asked him to provide additional identifying information.  Testimony from Jones's arresting officer further established there was no record of aliases for Jones that connected him with "Monroe Jones, Jr."

To the extent Jones argues he was not notified or had had any occasion to check whether his permit lapsed before his arrest, the jury could reasonably conclude otherwise.  (*People v. Farnam* (2002) 28 Cal.4th 107, 143 ["judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding"].)  Jones admitted he was convicted of a felony in 1991 and did not carry a copy of his permit from 1988 to 2022.  The arresting officer testified the felony conviction would have rendered Jones ineligible to receive a permit.  (*People v. Burnham* (1986) 176

4

Cal.App.3d 1134, 1141–1142 [it is the jury's exclusive province to determine the credibility of witnesses to determine if a belief is reasonable and bona fide].) Jones further acknowledged he could look up his permit status on a government website, which indicated a permit for Monroe Jones, Jr. had been suspended. On this record, the jury's rejection of Jones's mistake-of-fact defense was reasonable, and his conviction was supported by substantial evidence. (*People v. Zamudio*, *supra*, 43 Cal.4th at p. 357 [reversal unwarranted unless it appears " ' "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' " the jury's verdict].)

## DISPOSITION

The judgment is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A167727; *People v. Jones*

6