Filed 5/26/26  P. v. Volker CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> JAMES VOLKER, <br><br>    Defendant and Appellant. | 2d Crim. No. B341785 <br> (Super. Ct. No. 23CR06182) <br> (Santa Barbara County) |

James Volker appeals a judgment following his conviction by jury for child abduction.  (Pen. Code,[1] § 278).  The trial court suspended imposition of sentence and placed him on probation for three years and ordered him to serve 180 days in jail.  Volker contends the court abused its discretion by excluding defense evidence about a prior custody order and erred in not instructing the jury on mistake of fact.  He also contends the prosecutor engaged in misconduct.  We affirm.

_____

    [1] All statutory references are to the Penal Code unless otherwise stated.

## FACTUAL AND PROCEDURAL HISTORY

Volker and his ex-wife A.H. had a child custody dispute over their two minor children. There was a "50/50" shared custody order. The family law court later held a "modification trial" regarding the shared custody order. On September 12, 2023, at 9:30 a.m., the court made an oral ruling and awarded sole legal and physical custody of the children to A.H. The court also ordered that Volker "was not allowed to have visitation until he was in a robust drug and alcohol treatment program." It found "it is not in the children's best interest to have unsupervised visitations with father in the current environment." Volker was present in court with his counsel at the time the family law court made its oral ruling on custody and visitation.

The attorney who represented Volker in that proceeding testified that he did not need "any clarification from [the trial court]" on its ruling. Volker did not ask his attorney for "any clarification" about the court's order either. The order went into effect immediately. The court made this custody change ruling because of concerns about the children's safety.

Shortly after the trial, at 10:40 a.m., Volker went to the children's elementary school and took the children. The school's protocol required parents to wait in the school office and school personnel would bring the children to that office. Volker violated that policy by retrieving the children himself and leaving school premises. The police were called.

At 10:41 a.m., Volker sent A.H. a text message. He said, "I have the kids. SBSO[2] tomorrow at 2:30. I wouldn't make any plans. As promised, I will take this on appeal. I will always protect them with my life, and I am doing that now."

---

[2] "SBSO" refers to the Santa Barbara Sheriff's Office.

Police deputies responded to the "Stop 'n Shop Liquor Store" where they located Volker. The children were in Volker's vehicle and "there was a can of Four Loko on the roof of" that car. Four Loko is "a high proof malt liquor plus energy drink." Volker "had an odor of alcohol coming from him." The arresting officer testified that Volker "mentioned multiple times his intention or desire to appeal the custody ruling that had been made, which I believe the obvious conclusion was that he was aware that there was a ruling and was unhappy or unsatisfied with what it was."

The People charged Volker with child abduction (§ 278; count 1) and disobeying a court order (§ 166, subd. (a)(4); count 2). The trial court granted the People's motion to dismiss count 2. A jury trial was held but the jury deadlocked resulting in a mistrial.

During the second trial, Volker wanted to call A.H. to testify about the prior "50/50" shared custody order to show that Volker believed that prior order was still in effect after the family law court's order. The prosecutor objected, claiming the offer of proof did not include facts showing how A.H. could know Volker's state of mind. She said, "I don't see how [A.H.] can possibly testify as to what was in [Volker]'s head." "I don't see how you make that jump unless [Volker] testifies . . . ."

The trial court ruled that Volker's custody rights under the prior custody order were not relevant because the prior order was "superseded by the new [o]rder" which Volker "heard" while he was present "in court." The court sustained the prosecutor's objection based on relevance and Evidence Code section 352.

Volker's family law attorney testified that there was a prior "50/50" shared custody order that had existed before the family law court terminated it. He said, "it was clear" that the family

3

law court's orders "would go into effect when [it] makes the Orders." The jury was instructed: "A court order takes effect from the time it is pronounced by a [j]udge, and not as of the date when the clerk makes entry or when the formal [o]rder is [drawn] by [c]ounsel is signed." The jury found Volker guilty of child abduction. The court placed Volker on probation with conditions.

DISCUSSION

*Exclusion of evidence*

Volker contends the trial court erred by excluding evidence about the terms of the prior shared custody order. We disagree.

We review the trial court's decision to exclude evidence for abuse of discretion. (*People v. Harris* (1998) 60 Cal.App.4th 727, 736-737.) Even if evidence is relevant, trials courts have "broad" discretion to "exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352; *People v. Holford* (2012) 203 Cal.App.4th 155, 167.)

Here, Volker was charged with child abduction in violation of section 278 which provides: "Every person, not having a right to custody, who maliciously takes, entices away, keeps, withholds, or conceals any child with the intent to detain or conceal that child from a lawful custodian" is guilty of child abduction. (§ 278; see also *People v. Lortz* (1982) 137 Cal.App.3d 363, 370-371 [discussing child abduction by person with legal right to custody] (*Lortz*).) Volker contends he had legal custody of the children pursuant to the terms of the prior "50/50" shared custody order when he removed the children from school. Thus, he sought to call A.H. to testify about the terms of that order and

4

contends it shows he lacked "the mental state and intent" elements of the child abduction offense.

We conclude the trial court did not err in disallowing A.H. to testify about the prior "50/50" order because it was not relevant to Volker's state of mind. About an hour after the family law court pronounced its ruling on September 12, Volker took the children out of school immediately. Volker was present in court when the family law court ordered that he not have unsupervised visitation with the children. After taking the children from school, Volker sent a text message to A.H. stating that he intended to appeal the family law court ruling. In our view, Volker's message shows that he knew the September 12th order, not the prior "50/50" order, was the operative order. Otherwise, there would have been no need for Volker to text A.H. if he had lawfully custody of the children until the next day. "Guilty knowledge, as well as intent to violate the law, may be shown by the conduct of the accused . . . ." (*People v. Proctor* (1959) 169 Cal.App.2d 269, 279 (*Proctor*).)

On September 12, the family law court also awarded sole legal and physical custody of the children to A.H. Because Volker was present in "open court" when the family law court pronounced its ruling, and there was no evidence that he did not understand it, the trial court could reject Volker's claim that he did not "know or understand" its meaning. (*Lortz*, *supra*, 137 Cal.App.3d at p. 368.) Given this evidence, the court could reasonably find the specific terms of the prior "50/50" order were not relevant to whether Volker "maliciously" committed child abduction because he had no "intent to do a wrongful act." (§ 7, subd. (b)(4).)

5

But even if the terms of the prior custody order were relevant, exclusion under Evidence Code section 352 was not an abuse of discretion.  Because Volker was present when the family law court pronounced its ruling on September 12, evidence about the terms of the prior order would have misled or confused the jury.  As the jury was correctly instructed, " 'An order or decree of court takes effect from the time it is pronounced . . . ." (*In re Markaus V. v.* (1989) 211 Cal.App.3d 1331, 1336.)

Nor can Volker show that any error was prejudicial. (*People v. Watson* (1956) 46 Cal.2d 818, 835-836.)  Although the specific details of the prior "50/50" order were not presented, the jury heard testimony from Volker's family law attorney about such an order.  Volker's counsel argued to the jury that Volker could reasonably believe the family law court's order was not yet in effect and that the prior "50/50" order was the operative order, thereby rendering Volker's conduct reasonable and lawful.  But the jury rejected that claim.  We conclude that any error is harmless.

### *Prosecutorial misconduct*

The prosecutor argued to the jury that Volker's text message to A.H. showed he maliciously took the children and intended to detain them.  Volker contends the prosecutor committed misconduct by failing to tell the jury about the terms of the prior "50/50" custody order which the prosecutor successfully excluded.  We are not persuaded.

A prosecutor may not deliberately mislead the jury or present facts he or she knows to be untrue.  "Conduct that does not render a trial fundamentally unfair is error under state law only when it involves ' " 'the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury.' " '

[Citation.]" (*People v. Bennett* (2009) 45 Cal.4th 577, 594-595.) Prosecutors may properly make " ' " 'comments based upon the state of the evidence.' " ' " (*People v. Nadey* (2024) 16 Cal.5th 102, 156-157 (*Nadey*).)  They have "wide latitude to discuss and draw inferences from the evidence at trial." (*Id*. at pp. 159-160.)  "[I]t is misconduct for a prosecutor *intentionally* to elicit inadmissible testimony. . . ." (*People v. Chatman* (2006) 38 Cal.4th 344, 379-380 (*Chatman*).)

"To preserve for appeal a claim of prosecutorial misconduct, the defense must make a timely objection at trial and request an admonition; otherwise, the point is reviewable only if an admonition would not have cured the harm caused by the misconduct." (*People v. Price* (1991) 1 Cal.4th 324, 447.)  Volker did not object to the prosecutor's argument to the jury.  Thus, he has forfeited this argument.

Volker's argument also fails on the merits.  Here, the trial court did not abuse its discretion when it excluded evidence about the contents of the prior "50/50" custody order.  Thus, any such evidence about that prior order was inadmissible.  The prosecutor properly steered clear of that inadmissible evidence because she was prohibited from relying on it. (*Chatman*, *supra*, 38 Cal.4th at p. 379-380.)  We reject Volker's claim of prosecutorial misconduct. (*Ibid*.; *Nadey*, *supra*, 16 Cal.5th at p. 159-160.)

*Mistake of fact jury instruction*

Volker also contends the court erred by not instructing the jury on mistake of fact.  We again disagree.

A mistake of fact defense requires an actual belief " 'in the existence of circumstances, which if true, would make the act with which the person is charged an innocent act . . . .' " (*People v. Lawson* (2013) 215 Cal.App.4th 108, 115.)  "The trial court does

7

not have a sua sponte duty to give a mistake of fact instruction. [Citations.]  The court is, however, required to give such an instruction on request, where a defendant presents substantial evidence on mistake of fact and the instruction is legally correct." (*People v. Speck* (2022) 74 Cal.App.5th 784, 791.)

Here, there is no substantial evidence that Volker had a mistaken belief that he had the right to remove the children from school after September 12 hearing when the family law court terminated his custody rights and prohibited unsupervised visitation with them. Volker was present at this hearing and there was no evidence that he was confused about the court's orders.  And his conduct, including his text message to A.H., support that he had knowledge of the orders and violated them. (*People v. Proctor*, *supra*, 169 Cal.App.2d at p. 279.)  Volker has not shown that he had a "bona fide and reasonable" mistaken belief.  (*People v. Mayberry* (1975) 15 Cal.3d 143, 157.)  Thus, a mistake of fact defense instruction was not warranted.  (*People v. Lawson*, *supra*, 215 Cal.App.4th at p. 115.)

We also reject Volker's claim of ineffective assistance of counsel.  To prevail, counsel's error must be prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 692.)  There is no prejudice here because there was not substantial evidence to warrant a mistake of fact instruction.

8

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____

Sanger, Hanley, Sanger & Avila and Sarah Swysen Sanger, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.