[No. E058212. Fourth Dist., Div. Two. Sept. 18, 2014.]

THE PEOPLE, Plaintiff and Respondent, v.
BRYAN ALEXANDER WATT, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 1. and 3.

**Counsel**

Joshua H. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RAMIREZ, P. J.**—A jury convicted defendant, Bryan Alexander Watt, of receiving stolen property (Pen. Code, § 496, subd. (a))[1] and he was granted probation. He appeals, claiming there was insufficient evidence to support the verdict, the jury was misinstructed and two of his probation terms are invalid. We disagree with his first two contentions, agree with the third, and, therefore, strike the probation terms at issue while affirming the remainder of the judgment. The facts are reported in connection with the first issue discussed.

1. *Insufficient Evidence of Knowledge That the Property Was Stolen and That Defendant Possessed the Property*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2. *Jury Instruction*

Defendant contends that the trial court erred in instructing the jury, at the request of both parties,[6] that defendant would not be guilty of receiving stolen property if he believed that the piece of equipment and the runway metal were dumped only if that belief was reasonable. Specifically, the jury was instructed with a modified version of CALCRIM No. 3406, which provided, in pertinent part, "The defendant is not guilty of . . . receiving stolen property if he . . . did not have the intent or mental state required to commit the crime because he reasonably did not know a fact or reasonably and mistakenly believed a fact. [¶] If the defendant's conduct would have been lawful under the facts as he reasonably believed them to be, he did not commit the crime of . . . receiving stolen property. If you find that the defendant believed that the [piece of equipment] and pieces of [runway metal] were dumped, and if you find that belief was reasonable, he did not have the specific intent or mental state required for the crime of . . . receiving stolen property. [¶] If you have a reasonable doubt about whether the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[*] See footnote, *ante*, page 1215.

[6] To foreclose a claim of incompetency of trial counsel, we will sidestep the People's argument that defendant invited the error by requesting this instruction.

defendant had the specific intent or mental state required for the crime[] of . . . receiving stolen property, you must find him not guilty of th[at] crime . . . ."

The instructions given on the receiving stolen property charge required that defendant "have knowledge at the time he concealed or withheld the property that it had been stolen" in order for him to be guilty.

The Bench Notes to CALCRIM No. 3406 read, in pertinent part, "If the mental state . . . at issue is . . . knowledge, do not use the . . . language requiring the belief to be reasonable." Defendant correctly points out that we "intoned" this concept in dicta in *People v. Lawson* (2013) 215 Cal.App.4th 108, 115 [155 Cal.Rptr.3d 236] (*Lawson*).

█ We begin with the observation that the jurors were never told the standard they were to apply in determining the reasonableness of defendant's belief—certainly, they were not told that it had to be objectively, rather than subjectively, reasonable. A mistake of fact must be in good faith. (*People v. Lucero* (1988) 203 Cal.App.3d 1011, 1016, 1017 [250 Cal.Rptr. 354]; *People v. Vineberg* (1981) 125 Cal.App.3d 127, 137 [177 Cal.Rptr. 819].) In determining if a mistake of fact has negated a specific mental state, the jury may consider reasonableness in deciding if the belief was in good faith—a highly unreasonable belief can support an inference of bad faith, so while objective reasonableness is not a requirement of the defense of mistake, subjective reasonableness can be a relevant consideration on the subject of good faith. (*People v. Navarro* (1979) 99 Cal.App.3d Supp. 1, 11 [160 Cal.Rptr. 692] (*Navarro*); *Vineberg*, at p. 137.)

Two cases are cited in the Bench Notes to CALCRIM No. 3406—*People v. Reyes* (1997) 52 Cal.App.4th 975, 984 and footnote 6 [61 Cal.Rptr.2d 39] (*Reyes*) and *People v. Russell* (2006) 144 Cal.App.4th 1415, 1425–1426 [51 Cal.Rptr.3d 263] (*Russell*). In *Reyes*, the defendant's conviction for receiving stolen property was reversed because the trial court excluded expert testimony showing that he lacked knowledge that the property was stolen due to mental disorders and difficulty in cognitive functioning. (*Reyes*, at pp. 981, 986.) Additionally, despite evidence that the defendant was intoxicated with drugs when found with the victim's property, the trial court instructed the jury that voluntary intoxication was not a defense to receiving stolen property and it refused to give a defense-proffered instruction that there must exist a union of act and mental state and the latter may be shown by the circumstances surrounding the act. (*Reyes*, at pp. 985–986.)

In *Russell*, the trial court refused to instruct on mistake of fact, although the appellate court concluded that there was substantial evidence of it.

(*Russell, supra*, 144 Cal.App.4th at p. 1431.) The defendant's conviction for receiving a stolen motor vehicle was reversed under the *Watson*[7] harmless error test, i.e., that it appears reasonably probable the defendant would have obtained a more favorable outcome had the error not occurred. (*Russell*, at p. 1432.)[8] *Russell* cited *Navarro* (*Russell*, at p. 1427), a theft case, in which the appellate department of the superior court held that the trial court's modification of the instruction on mistake of fact to include a requirement that the defendant's good faith belief that the property had been abandoned was reasonable constituted error. (*Navarro, supra*, 99 Cal.App.3d at pp. Supp. 1, 3, 10, 11.) The *Navarro* court reversed the conviction, without discussing the standard of error to be applied. (*Id.* at p. Supp. 11.)

 Defendant cites three federal circuit court cases in which those courts concluded that the failure to instruct on a defense constituted federal constitutional error, and, therefore, he urges, "at a minimum" that we should apply the *Chapman*[9] test that the error requires reversal unless the People show beyond a reasonable doubt that it was harmless. (*Bradley v. Duncan* (9th Cir. 2002) 315 F.3d 1091; *Davis v. Strack* (2d Cir. 2001) 270 F.3d 111; *Barker v. Yukins* (6th Cir. 1999) 199 F.3d 867.) However, in each of those cases, the appellate court concluded that the failure to instruct deprived the defendant of his right to present a defense and so infected the entire trial that it violated due process and the right to a fair trial. (*Bradley v. Duncan, supra*, 315 F.3d at p. 1094; *Davis v. Strack, supra*, 270 F.3d at p. 131; *Barker v. Yukins, supra*, 199 F.3d at p. 876.) The same cannot be said here. Defendant fully presented his defense and argued it to the jury and the prosecutor addressed it in his argument to the jury. "Defendant argues a violation of state law also violates federal due process, thus mandating the more stringent standard for federal constitutional error. He is wrong. Mere instructional error under state law regarding how the jury should consider evidence does not violate the United States Constitution. [Citation.]" (*People v. Carpenter* (1997) 15 Cal.4th 312, 393 [63 Cal.Rptr.2d 1, 935 P.2d 708].) The California Supreme Court has not yet determined the test of prejudice for failure to instruct on an affirmative defense. (*People v. Salas* (2006) 37 Cal.4th 967, 984 [38 Cal.Rptr.3d 624, 127 P.3d 40].) However, we have not found one published opinion that embraces the *Chapman* standard for either the failure to instruct, or, as here, error in the instruction that was given. Rather, published opinions have concluded that the *Watson* test applies. (*People v. Breverman* (1998) 19 Cal.4th 142, 165 [77 Cal.Rptr.2d 870, 960 P.2d 1094] (*Breverman*) [failure to instruct on a lesser included offense]; *People v. Hanna* (2013) 218 Cal.App.4th

---

[7] *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243] (*Watson*).

[8] In *Lawson, supra*, 215 Cal.App.4th 108, 118, this court concluded that *Russell*'s holding that the trial court had a sua sponte duty to instruct on the defense of mistake of fact was no longer good law.

[9] *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824] (*Chapman*).

455, 462, 463 [160 Cal.Rptr.3d 210] [failure to instruct on mistake of fact]; *People v. Zamani* (2010) 183 Cal.App.4th 854, 866 [107 Cal.Rptr.3d 608] [same]; *People v. Villanueva* (2008) 169 Cal.App.4th 41, 52 [86 Cal.Rptr.3d 534] [failure to instruct on self-defense]; *Russell, supra*, 144 Cal.App.4th at p. 1431 [see above]; *People v. Elize* (1999) 71 Cal.App.4th 605, 616 [84 Cal.Rptr.2d 35] [failure to instruct on self-defense].)[10] Even if we apply the *Chapman* test, if the issue was necessarily decided under other instructions given, reversal is not required. (*People v. Johnson* (1993) 6 Cal.4th 1, 45–47 [23 Cal.Rptr.2d 593, 859 P.2d 673].) In applying the *Watson* standard, we may look to the other instructions given, as well as whether the evidence supporting the existing judgment is so relatively strong, and the evidence supporting a different outcome is so comparatively weak, that there is no reasonable probability that the error affected the result. (*Breverman, supra*, 19 Cal.4th at p. 177; *People v. Wooten* (1996) 44 Cal.App.4th 1834, 1849 [52 Cal.Rptr.2d 765].)

■ Despite the presence in this case of the requirement that defendant's belief that the landing strip metal and piece of equipment had been dumped be reasonable, and the possibility that at least one juror construed that to mean *objectively* reasonable, under other instructions given, as well as the last sentence of the disputed instruction, the jury was still required to find beyond a reasonable doubt that defendant knew the items had been stolen. Not only did the instruction at issue not foreclose the jurors from acquitting defendant if they had a reasonable doubt that defendant knew the property had been stolen, it *expressly* required the jurors to acquit him if they had such a doubt. Moreover, the evidence supporting the jury's implied finding that defendant knew the items were stolen was so relatively strong and the evidence supporting a different outcome was so comparatively weak that there is no reasonable probability that the instruction given affected the result. Therefore, under either test, the error does not require reversal of defendant's conviction.

3. *Probation Terms*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[10] Defendant cites several cases, predating *People v. Flood* (1998) 18 Cal.4th 470 [76 Cal.Rptr.2d 180, 957 P.2d 869], which hold that "the failure to instruct on a defense that is supported by substantial evidence requires reversal unless the factual issue posed by the erroneous instruction necessarily was decided adverse to the defendant under other, properly given, instructions." Of course, a reviewing court examining the record to determine whether the jury necessarily made the finding under other instructions given is "a type of harmless error analysis." (*Id.* at p. 490.)

[*] See footnote, *ante*, page 1215.

## Disposition

The terms of defendant's probation that he reside at a residence approved by his probation officer and he not move without the approval of his probation officer are stricken. The trial court is directed to remove them from the minutes of the sentencing hearing. In all other respects, the judgment is affirmed.

Richli, J., and Miller, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2014, S222264.