Filed 7/16/25  P. v. Cordova CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JULIAN MICHAEL CORDOVA,<br><br>　　Defendant and Appellant. | 2d Crim. No. B335041<br>(Super. Ct. No. BA505743<br>(Los Angeles County) |

　　Julian Michael Cordova appeals an order of probation granted following his conviction of vehicle theft and receiving a stolen vehicle.  (Veh. Code, § 10851, subd. (a)[1]; Pen. Code, § 496d.)  This appeal concerns Cordova's arrest during a sting operation when he attempted to sell a stolen motorcycle he listed for sale on Facebook Marketplace.  On appeal, Cordova claims that the trial court erred by denying his pinpoint instruction concerning mistake of fact – that he mistakenly believed the

---

[1] All statutory references are to the Vehicle Code unless stated otherwise.

motorcycle was not stolen.  (CALCRIM No. 3406.)  We conclude that any error was harmless and affirm.

*FACTS AND PROCEDURAL HISTORY*

On December 24, 2021, Roland Porter, a retired motorcycle mechanic, purchased a 2016 Triumph motorcycle at a police auction in Lincoln Heights for $1,250.  The motorcycle was a rare model with distinctive features, including a specialized ignition and a unique exhaust.  Porter received official sale documents, including a bill of sale and registration papers from the Department of Motor Vehicles.

Porter left the motorcycle near the gate of the auction yard while he retrieved a trailer.  When he returned the following morning, the motorcycle was missing.  Porter reported the theft to law enforcement and also posted a reward on Craigslist.

In February 2022, Porter received a call from a man who had seen his Craigslist post and notified him that the motorcycle was listed for sale on Facebook Marketplace.  Porter found the listing which stated that the motorcycle was not stolen, but that the seller had no ownership documents.  The listing included a vehicle report with a different vehicle identification number (VIN) and stated a $3,000 price.  Porter was able to determine where the motorcycle was being stored from the Facebook photographs.

Porter initiated contact with Cordova, the Facebook seller.  Porter offered $2,000 for the motorcycle but Cordova rejected the offer.  Eventually, they agreed upon a price of $2,800 and arranged to meet the following day.

Meanwhile, Los Angeles Police Detective Michael Barrios sent Cordova and his roommate a Facebook message stating that the motorcycle had been stolen.  He identified himself as a police

detective and warned that they could be arrested for theft. The Facebook profile name for Barrios, however, was fictional and did not identify him as a police officer.

Roland informed Barrios that he had arranged to purchase the motorcycle from Cordova. Police officers then met Cordova who drove the Triumph motorcycle to the meeting place. The motorcycle had "pigtail" wiring, a method used to bypass the ignition. The motorcycle's ignition had been severely damaged and the wiring removed.

In a police interview, Cordova stated that he did not know the motorcycle was stolen and that he had purchased it two months prior from a man representing the deceased owner. Cordova and his roommate had checked the VIN to confirm it was not stolen but made an error in typing the number. Cordova acknowledged that Barrios had contacted him through Facebook but thought the contact was fraudulent. Cordova also admitted that he installed the pigtail wiring.

The prosecutor presented evidence that Cordova had two prior convictions for vehicle theft and receiving stolen property. (Evid. Code, § 1101, subd. (b).)

On June 13, 2014, a Los Angeles deputy sheriff observed Cordova manipulating the engine of a stolen pickup truck with a screwdriver. Cordova's accomplice entered the driver's seat of the truck and attempted to start the engine also with a screwdriver. The deputy confirmed that the truck was stolen and arrested Cordova. Cordova admitted that he knew the truck "may have been stolen."

On December 15, 2017, Evan Walsh's automobile was stolen outside his residence. Several days later, a Los Angeles police officer saw Cordova driving the vehicle. A shaved or file

3

key was jammed into the ignition. During his arrest, Cordova claimed that a friend lent him the vehicle but he could not provide any information regarding his friend, such as surname or address.

Cordova testified at trial and stated that he did not know that the vehicles involved in the 2014 and 2017 thefts had been stolen. He denied that he was involved in the thefts. Cordova also testified that he bought the Triumph motorcycle from a seller on Craigslist and ran a VIN check to confirm it had not been stolen.

The jury convicted Cordova of vehicle theft and receiving a stolen vehicle. (§ 10851, subd. (a); Pen. Code, § 496d, subd. (a).) The trial court suspended imposition of sentence and granted Cordova formal probation for two years, with terms and conditions including service of 29 days of jail confinement.

Cordova appeals and contends that the trial court erred by refusing his instruction regarding mistake of fact. (CALCRIM No. 3406.)

*DISCUSSION*

Cordova argues that substantial evidence supported the mistake-of-fact instruction, pointing out that he mistakenly relied upon a VIN report with a transposed number. He asserts that the trial court's error is prejudicial because he would have received a more favorable result had the jury received the instruction. Cordova relies upon *People v. Russell* (2006) 144 Cal.App.4th 1415, 1430-1433, overruled on other grounds by *People v. Covarrubias* (2016) 1 Cal.5th 838, 874 (mistake-of-fact instruction where defendant found a rusty motorcycle with an expired registration near a trash bin outside a repair shop).

4

The trial court must instruct regarding the mistake-of-fact defense if defendant requests the instruction and substantial evidence supports it. (*People v. Zinda* (2015) 233 Cal.App.4th 871, 881.) We review the record de novo to determine whether substantial evidence supported the instruction. (*People v. Parker* (2022) 13 Cal.5th 1, 66.)

The defense of mistake of fact requires an actual belief in the existence of circumstances which, if true, would make the act with which the person is charged an innocent act. (*People v. Lawson* (2013) 215 Cal.App.4th 108, 115.) Unlawfully driving a vehicle with the intent to temporarily or permanently deprive the owner of possession is a specific intent crime. (*People v. Jaramillo* (1976) 16 Cal.3d 752, 756, fn. 4, superseded by statute as stated in *People v Hinks* (1997) 58 Cal.App.4th 1157.) The knowledge element of receiving stolen property also requires specific intent. Thus, the two crimes require that defendant have an actual mistaken belief. (*People v. Russell*, *supra*, 144 Cal.App.4th 1415, 1429-1433.)

We need not decide whether the trial court erred by not instructing with CALCRIM No. 3406 because any error is harmless. Error in failing to instruct regarding mistake of fact is subject to the harmless error test set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Hanna* (2013) 218 Cal.App.4th 455, 462.) Pursuant to this standard, it is not reasonably probable that Cordova would have obtained a more favorable outcome had the error not occurred. (*Id.* at p. 463.)

Here the appellate record demonstrates that evidence at trial, the jury instructions given, and the attorney summations thoroughly articulated the contested knowledge elements of the two charges and Cordova's mistake-of-fact defense. The jury

received the standard instructions regarding vehicle theft and receiving stolen property that expressly required findings of Cordova's knowledge and intent to deprive the motorcycle's owner of possession. (CALCRIM Nos. 1820, 1750.) Thus, the issue presented by CALCRIM No. 3406 was resolved by the instructions regarding the knowledge and intent elements of the crimes.

Cordova's defense also fully explained his defense of mistake of fact. His attorney asserted that the prosecutor was unable to prove that Cordova knew the motorcycle was stolen. He argued that Cordova researched the VIN for the motorcycle before listing it for sale, but made an error in entering the numbers.

Moreover, the prosecutor explained during summation that the crux of the prosecution was whether Cordova knew the motorcycle was stolen and whether he intended to deprive Porter of the motorcycle. The prosecutor asked the jurors to employ their common sense and assess the evidence to prove knowledge and intent, including the evidence of Cordova's prior convictions for vehicle theft.

Cordova's testimony contained many contradictions and inconsistencies. He stated different versions of the provenance of the motorcycle – whether he bought it from Craigslist, or obtained it from a friend, or obtained it from a man representing a deceased owner. Cordova was unable to produce a copy of the Craigslist advertisement he allegedly used to purchase the motorcycle. Cordova also testified that he initially suspected that the motorcycle might be stolen. Despite this suspicion, he ignored Detective Barrios's warnings. "In applying the *Watson* standard, we may look to the other instructions given, as well as

6

whether the evidence supporting the existing judgment is so relatively strong, and the evidence supporting a different outcome is so comparatively weak, that there is no reasonable probability that the error affected the result." (*People v. Watt* (2014) 229 Cal.App.4th 1215, 1220.)

*People v. Russell, supra*, 144 Cal.App.4th 1415, 1430-1433, does not assist Cordova. There the defendant found an apparently discarded motorcycle near a trash bin. Other independent witnesses confirmed aspects of defendant's claim of an abandoned and rusty motorcycle, lacking a current registration. Here Cordova gave several versions of the origins of the Triumph motorcycle and could not provide any corroborating information. Cordova also suffered two prior convictions for vehicle theft and receiving stolen property.

*DISPOSITION*

The judgment is affirmed.

NOT TO BE PUBLISHED.



GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.


7

Alison S. Matsumoto, Judge

Superior Court County of Los Angeles

_____

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.